

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 22, 2005
Final

Tony Miles, Esquire
Federal Public Defender Service
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

FILED

DEC 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:   United States v. Sidney Guilliano Raton
      Magistrate Case No. 05-442M-01

Dear Mr. Miles:

    This letter sets forth the plea agreement this Office is willing to enter into with your client, Sidney Guilliano Raton. The offer expires on **November 22, 2005**. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document this letter, incorporating the factual proffer, will become the plea agreement. The terms of the agreement are as follows:

    1. **Charges.** Your client agrees to admit guilt and enter a plea of guilty to one count of violating 18 U.S.C. § 1542, False Statements in Application and Use of Passport.

    2. **Potential penalties, assessments, and restitution.** Your client understands that pursuant to 18 U.S.C. § 1542 the federal charge to which he will plead guilty carries a maximum penalty of ten (10) year's imprisonment, a fine of up to $ 250,000 under 18 U.S.C. § 3571(b)(3), and a term of probation not to exceed five years and of supervised release of not more than three years under 18 U.S.C. § 3583(b)(2). In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court prior to the date of sentencing. See 18 U.S.C. § 3013. Your client understands that the sentence in this case will be determined by the Court, guided by factors listed in 18 U.S.C. §§ 3551 et seq., and after consulting with and taking into account the United States Sentencing Guidelines.

    3. **Release/Detention pending sentencing.** The Government will not ask that your client be detained without bond at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143.

4. **Waiver of constitutional and statutory rights.** Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the united States and/or by statute, including: the right to plead not guilty; and the right to a jury trial. At the jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client also understands that as part of the entry of this guilty plea, your client specifically waives any rights to a speedy trial or sentence under the Constitution and/or the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

5. **Sentencing**. Your client and this Office agree that the guiding range applicable to the offense to which your client is pleading guilty is set forth in Section 2L2.2 of the United States Sentencing Guidelines (U.S.S.G.). The parties agree that the base level for the offense to which the defendant will plead guilty, False Statements in Application for a Passport, is **8**. The parties agree that there are no relevant adjustments under 2L2.2(b) or (c). Accordingly, the parties agree that your client's offense level is **8**. It appears to the parties that your client has only one prior conviction in 1997 for Dangerous Drugs in Anchorage Alaska. If that understanding is accurate and complete, the defendant is in compliance with all terms and requirements of the Agreement, and defendant falls within Criminal History Category I, then this Office will not oppose a sentence of probation

**If the defendant accepts this plea offer by November 22, 2005,** and continues to accept responsibility for his criminal conduct and to assist authorities in the investigation and prosecution of his criminal conduct, commits no other criminal acts, and complies with the terms and conditions of this agreement, then the United States will not oppose a **2** level reduction for acceptance of responsibility, resulting in a final adjusted offense level of **6**, under U.S.S.G. Section 3E1.1(a). If your client's adjusted offense level is a 6 and his Criminal History Category is I, then the United States and your client agree not to seek any upward or downward departure or a sentence outside the U.S.S.G. range applicable to your client. Mr. Raton further agrees that in addition to the monthly child support and arrears payments required pursuant to the

Administrative Child Support And Medical Support Order registered in the Circuit Court for Howard County in case number 13-C-01-47816 he will pay a minimum amount of $200.00 on the first day of every month to the Circuit Court for Howard County beginning on the 1st of the month following the imposition of a sentence, to be applied to the arrearages due and owing until the arrearages are paid in full unless and until the Court with jurisdiction over the child support and medical support payments orders otherwise. The defendant further agrees to remain current in all child support payments while he is on probation.

Finally, your client is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. Your client is aware that the parties' calculation of the sentencing ranges under the U.S. Sentencing Guidelines are not a promise of the sentences to be imposed on him and are not binding on the Court. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742 except to the extent that the Court sentences your client to a period of imprisonment longer than the statutory maximum of 10 years. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, your client knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the United States in this agreement. In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Court. Further, your client reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him.

6. **Reservation of allocution.** Your client understands that the United States reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the pre-sentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the pre-sentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case. In addition, if in this plea agreement the United States has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues.

The government and your client agree, that the government will be free to use against your client for any purpose at the sentencing in this case any self-incriminating information provided by your client pursuant to this agreement.

7. **Prosecution by other agencies/jurisdictions.** This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorneys' Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (formerly the Immigration and Naturalization Service); or any state or local prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. If your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will or might subject your client to detention, deportation and other sanctions at the direction of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement.

8. **Breach of agreement.** Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from it obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the courts of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

9. **No other agreements.** No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless

committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter incorporating the factual proffer, both your client and you should sign the original in the spaces provided below, initial every page of this agreement, and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely,

*Kenneth L. Wainstein /sv/*
KENNETH L. WAINSTEIN
United States Attorney for the District of Columbia

*Heidi Pasichow*
HEIDI M. PASICHOW
Assistant U.S. Attorney
D.C. Bar # 370686
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-514-7533

### Defendant's Acceptance

I have read or have had read to me this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty of the crime of Making a False Statement in the Application for a U.S. Passport because I am guilty of that crime.

_12-15-05_
Date

_[signature]_
Sidney Guilliano Raton
Defendant

### Defense Counsel's Acknowledgment

I am defendant's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets for the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

_12/15/05_
Dates

_[signature] Tony W. Miles_
Tony Miles
Counsel for Defendant